**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| LAURA MELSON WARNKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:22-cv-01301-SGC |
| | ) | |
| COMMISSIONER, SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**[1]

The plaintiff, Laura Melson Warnke, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB").  (Doc. 1).[2]  Warnke timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C. § 405(g).  As explained below, the Commissioner's decision is due to be affirmed.

**I.      Background and Procedural History**

Warnke completed college and, prior to her alleged disability onset, last

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 12).

[2] Citations to the record in this case refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear as: Doc. __ at __.  Citations to the administrative record refer to the page numbers assigned by the Commissioner and appear as: R. __.

worked as a recruiter.  (R. 29, 222).  Warnke's September 28, 2020 DIB application

alleged disability beginning on April 30, 2020, due to spondylolysis and

spondylolisthesis in her lumbar and sacral spine.  (R. 180-81, 221).  Warnke was 55

at the time of her alleged disability onset.  (R. 72).  After her claim was denied

initially and on reconsideration, Warnke requested a hearing before an

Administrative Law Judge ("ALJ").  (*See* R. 22).  Following the hearing, the ALJ

issued an unfavorable decision on March 24, 2022.  (R. 22-30, 38-71).

Warnke requested review of the ALJ's decision, which the Appeals Council

denied.  (*See* R. 1-3).  The decision then became the final decision of the

Commissioner.  *See Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001)

(citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Warnke thereafter

commenced this action.  (Doc. 1).

## II.     Statutory and Regulatory Framework, and the ALJ's Decision

To establish eligibility for disability benefits, a claimant must show "the

inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than

twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. §

404.1505(a).  An applicant for DIB must demonstrate disability between her alleged

initial onset date and her date last insured.  *Mason v. Comm'r of Soc. Sec.*, 430 F.

App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)). The Social Security Administration ("SSA") employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 404.1520(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity" ("SGA"). *Id.* at § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(i) and (b). At the first step, the ALJ determined Warnke would meet the SSA's insured status requirements through December 31, 2024, and had not engaged in substantial gainful activity since April 30, 2020, the alleged onset date of her disability. (R. 24).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at § 404.1520(a)(4)(ii) and (c). At the second step, the ALJ determined Warnke has the severe impairments of degenerative disc disease of the lumbar spine,

pars defect, and spondylolisthesis.  (R. 24).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment or combination of impairments meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1.   20 C.F.R. § 404.1520(a)(4)(iii).   If the claimant's impairment or combination of impairments meets or equals one of the Listings, the Commissioner will find the claimant is disabled.  *Id.* at § 404.1520(a)(4)(iii) and (d). At the third step, the ALJ determined Warnke does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings.  (R. 25).

If the claimant's impairment or combination of impairments does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step.  20 C.F.R. § 404.1520(e).  At the fourth step, the Commissioner will compare an assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work.  *Id.* at § 404.1520(a)(4)(iv) and (e).  If the claimant is capable of performing her past relevant work, the Commissioner will find the claimant is not disabled.  *Id.* at § 404.1520(a)(4)(iv).

Before proceeding to the fourth step, the ALJ concluded Warnke has the RFC to perform a limited range of light work.  (R. 26).  Specifically, the ALJ determined

4

Warnke required the option to sit for 30 minutes after every 30 minutes of standing, could never climb ladders or scaffolds, and could not be exposed to hazards.  The ALJ also concluded Warnke could occasionally: push/pull with the lower extremities, climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and tolerate exposure to extreme cold.  (*Id.*).

At the fourth step, the ALJ determined Warnke could perform her past relevant work as a recruiter.  (R. 29).  Having determined Warnke did not suffer from a disability, the ALJ did not proceed to the fifth step of the sequential analysis. (*Id.* at 29-30).

## III.   Standard of Review

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *Bloodsworth v. Heckler*, 703 F.2d 1233,

1239 (11th Cir. 1983) (internal citations omitted).   Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993).   "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV.   Discussion

Warnke presents a single issue on appeal: the ALJ erred at step four of the sequential evaluation because her work as a recruiter did not constitute past relevant work ("PRW").  (Doc. 15).  More specifically, Warnke contends she did not earn enough income as a recruiter in 2020 for that job to qualify as PRW.  (Doc. 15 at 5-10).  Because 2020 income was the only criteria the ALJ discussed, Warnke seeks remand to the Commissioner for further proceedings.  (*Id.* at 10).

In order to deny benefits at step four, a job must constitute PRW.  *See* 20

C.F.R. § 404.1520(a)(4)(iv).  A job qualifies as PRW if it was performed at SGA

levels within the last 15 years and for long enough for the claimant to learn to

perform it.  *Id.* at § 404.1560(b)(1).  Earnings from a job are the "primary

consideration" in determining whether it constitutes SGA.  *Id.* at § 404.1574(a)(1).

For work performed in 2020, the threshold for SGA is $1,260 in average monthly

earnings.  *See id.* § 404.1574.[3]  Earnings below this threshold generally will show

work did not constitute SGA.  *See id*. at § 404.1574(b)(3)(i).

Here, the record shows Warnke worked as a recruiter in 2020 for a company

called Salient MD ("Salient").  (R. 348).  The ALJ explicitly found Warnke earned

at SGA levels in 2020.  (R. 29).  Although the ALJ did not explain this conclusion,

he cited records showing the plaintiff earned $6,446 in 2020.  (*Id.*; *citing* R. 212).

Warnke contends the ALJ must have computed her average monthly earnings by

dividing her 2020 income by four, based on the understanding she worked at Salient

for four months in 2020—January through April.  (Doc. 15 at 6).  As Warnke

acknowledges, the ALJ's computation using the four-month denominator yields an

average monthly income of $1611.50, which is above the SGA threshold.  (*See id.*).

However, because she received payments from Salient through July 2020, Warnke

contends computing her average monthly income requires dividing her 2020

---

[3] *See also Program Operations Manual System* (POMS) DI 10501.015 ("Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity"), *available at* https://secure.ssa.gov/poms.nsf/lnx/0410501015.

earnings by seven months.  (*Id*.).  Warnke's preferred arithmetic yields an average monthly income of $920.86, well below the 2020 SGA threshold.  (*See id*.).  Thus, Warnke contends remand is required.  (*Id.* at 10).

The principal problem for Warnke is that she consistently reported, via sworn hearing testimony, as well as reports she submitted in support of her DIB application, that she stopped working in April 2020.  (R. 44, 221, 280, 284; *see* R. 49, 285).  A letter from Salient confirms her work for the company ended in April 2020.  (R. 348).  While Warnke did receive three checks from Salient between May and July 2020,[4] she explained the largest of the payments was compensation for work done in April 2020, while the other, smaller payments were commissions—presumably also earned while she still worked for Salient in the first four months of 2020.  (R. 285).[5]  Next, the letter from Salient also specifies that she was paid a flat monthly fee and received additional commissions or fees.  (R. 348).  Warnke reported her monthly fee was $1250, which by itself exceeds the SGA threshold for 2020.  (R. 280).  Accordingly, substantial evidence supports the ALJ's conclusion that Warnke's 2020 work constituted SGA and thus qualified as PRW.

---

[4] Warnke received the following payments after April 2020: (1) $240 on May 25, 2020; (2) $432 on July 10, 2020; and (3) $1,250 on July 21, 2020.  (R. 281).

[5] As the Commissioner argues, even excluding the payments she received after April 2020, Warnke's work for Salient through April 2020—the undisputed end date of her work there—still constitutes SGA.  (*See* Doc. 20 at 7-8).

Finally, even if Warnke's 2020 work for Salient did not constitute SGA, the same report[6] upon which she relies to show post-April 2020 payments also shows her Salient compensation exceeded the SGA threshold in 2019.  (R. 281).  Salient paid Warnke $16,292.71 in 2019, for an average monthly income of $1,357.73; this exceeds the SGA threshold for 2019.  (*Id.*).  Accordingly, Warnke's work at Salient in 2019 would also constitute PRW, and any error from categorizing the 2020 Salient work as PRW would be harmless.  *See Shinseki v. Sanders,* 556 U.S. 396, 409 (2009) (the party challenging an agency decision bears the burden of showing any error was harmful).

## V.    Conclusion

Having reviewed the administrative record and considered all the arguments presented by the parties, the court finds the Commissioner's decision, which is supported by substantial evidence and is in accord with applicable law, is due to be affirmed.  A separate order will be entered.

**DONE** this 20th day of March, 2024.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[6] That the ALJ's decision did not discuss this report does not change the outcome here.  An ALJ is not required to discuss every piece of evidence so long as the conclusion is supported by substantial evidence.  *Dyer*, 395 F.3d at 1211.